IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LINDA TICKLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN[1], )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 6:12-cv-68 |

## REPORT AND RECOMMENDATION

Plaintiff Linda Tickle ("Tickle") filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, Tickle alleges that the Commissioner erred by finding her impairments of hypertension, hyperlipidemia, and peripheral neuropathy to be non-severe, and that the Appeals Council erred by not weighing all of the medical evidence in the record.

This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have fully briefed all issues and the case is now ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, and the applicable law. I conclude that substantial evidence supports the ALJ's conclusion that Tickle does not suffer from a severe impairment. As such, I **RECOMMEND DENYING** Tickle's Motion for Summary Judgment (Dkt. No. 14), and **GRANTING** the Commissioner's Motion for Summary Judgment (Dkt. No. 16).

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013.

## STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to determining whether substantial evidence exists to support the Commissioner's conclusion that Tickle failed to demonstrate that she was disabled under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Tickle bears the burden of proving that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent her from engaging in all forms of substantial gainful employment given her age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals

the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460-462 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the Residual Functioning Capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991).

## STATEMENT OF FACTS

### Social and Vocational History

Tickle was born on July 30, 1949 (Administrative Record, hereinafter "R." at 31), and is considered a "person of advanced age" under the Act. 20 C.F.R. § 404.1563(e). Tickle is insured through December 30, 2014 (R. 15); therefore she must show that her disability began before the end of her insurance period, and existed for twelve continuous months to receive DIB. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). Tickle attended high school through the 10th grade, and received her GED. R. 31. She works part-time (30 hours a week) as a waitress. R. 32. Tickle reported that during the relevant period, she had

the capacity to work as a part-time waitress, perform household chores and laundry, shop for groceries, eat most meals out, and care for an eight year old granddaughter on weekends. R. 37-40.

## Claim History

Tickle filed for DIB on September 22, 2009, due to neuropathy of the feet and legs, with an alleged onset date of July 1, 2009. R. 117-18, 154. The state agency denied Tickle's application for disability benefits at the initial and reconsideration levels of administrative review. R. 61-65, 67-69. On January 6, 2011, ALJ Mark O'Hara held a hearing to consider Tickle's disability claim. R. 24-46. Tickle appeared at the hearing *pro se*, which included testimony from Tickle and vocational expert Gerald Wells, Ph.D. R. 24-26.

On March 23, 2011, the ALJ entered his decision denying Tickle's claims. R. 10-23. The ALJ found that although Tickle had hypertension, hyperlipidemia, and possible peripheral neuropathy, these conditions were not severe medical impairments which significantly limited her ability to perform work-related activities.. The ALJ also found that Tickle's part-time work activity as a waitress constituted activity at the substantial gainful activity level. Thus, the ALJ concluded that she was not disabled. R. 19.

Tickle requested review of the ALJ's decision with the Appeals Council, and submitted a medical source statement from Jean Gearhart, FNP, dated May 2, 2011, which the Appeals Council made part of the record. R. 7. On September 14, 2012, the Appeals Council reviewed the ALJ's decision, and adopted the ALJ's findings and conclusions with regard to whether Tickle is disabled. The Appeals Council gave little weight to Nurse Gearhart's medical source statement because the conclusions were not supported by Tickle's treatment records or the findings of consultative examiner William Humphries, M.D. The Appeals Council did not agree

with the ALJ's finding that Tickle's part-time work activities constituted substantial gainful activity since July 1, 2009. The Appeals Council agreed, however, that Tickle did not have a severe medical impairment, and thus it denied Tickle's request for review (R. 1-7). This appeal followed.

## ANALYSIS

Tickle argues that the Commissioner erred in finding that she has no "severe" impairments. Step two of the sequential process requires that the ALJ determine whether a claimant has a severe impairment. 20 C.F.R. § 404.1520. A "severe" medical impairment is any medical condition that has more than a minimal effect on the ability to do basic work activities. SSR 96-3p. Basic work activities are defined as the abilities and aptitudes necessary to perform most jobs, such as walking, standing, sitting, lifting, pulling, reaching, carrying, handling, seeing, hearing, speaking, etc. 20 C.F.R. §§ 404.1521, 416.921. An impairment must last or be expected to last for a continuous period of at least 12 months to be considered "severe." 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). In Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984), the Fourth Circuit held that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." See also 20 C.F.R. § 404.1520(c).

In this appeal, Tickle argues that her peripheral neuropathy is a severe impairment. Tickle does not argue or offer evidence to support a finding that her hypertension or hyperlipidemia are also severe impairments. Tickle bears the burden of showing that her peripheral neuropathy is severe. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Tickle claims that her neuropathy in her feet constitutes a severe impairment because it causes her to suffer chronic pain and burning in

both feet, for which she has been prescribed Neurontin and Mobic.  The ALJ found that Tickle's peripheral neuropathy is a medically determinable impairment, but that it does not significantly limit Tickle's ability to perform basic work-related activities, and thus, is not severe.  Having reviewed the record as a whole, I find substantial evidence to support the ALJ's conclusion that Tickle's peripheral neuropathy is not a "severe" impairment.

The relevant medical evidence is briefly summarized as follows:  On May 1, 2009, Tickle was evaluated by John Daugherty, M.D., for right heel pain present "off and on" over the last few weeks. R. 245.  Tickle also complained of numbness in her right arm and leg that subsided within a few minutes. On exam, Dr. Daugherty noted warmth and tenderness over Tickle's right heel, with no other abnormalities. Dr. Daugherty diagnosed Tickle with right heel pain and possible gout.  He prescribed Voltaren and advised Tickle to be vigilant about footwear at work. R. 245.

Tickle followed up with Dr. Daugherty on August 7, 2009, complaining of stinging bilateral foot pain that extended up the mid-lower leg. R. 242.  Tickle reported that she worked at Country Cookin' and was required to wear their shoes. Tickle noted that she has right heel pain and swelling of her ankles and feet "at times."  Dr. Daugherty observed no apparent edema or localized tenderness.  Dr. Daugherty diagnosed foot and leg pain possibly related to long periods of standing and possible neuropathy, and prescribed Mobic. R. 242-43.

Tickle visited Dr. Daugherty on September 11, 2009, and reported bilateral foot pain that went up the mid-calf and was "killing" her. R. 239.  Tickle was still working as a waitress, but stated that her feet did not feel better when she was off of them.  Dr. Daugherty noted no objective abnormalities on examination.  He diagnosed foot pain with possible neuropathy, and advised that Tickle continue Mobic, which "seems to help some." R. 239-40.

On February 4, 2010, William Humphries, M.D. examined Tickle and provided a medical consultant report. R. 253-57. Dr. Humphries noted that Tickle was diagnosed with neuropathy in her lower extremities about two years ago, and has aching, stinging, and pain that occasionally radiates up to the knees and hips. R. 253. Tickle reported that no particular activity exacerbates the discomfort. R. 253. Tickle estimated that she can walk a quarter mile on a good day on level ground, but would expect to stop due to pain in both feet. Tickle also reported that she takes no medication, aside from occasional aspirin. R. 253.

On exam, Dr. Humphries found that Tickle was in no distress, had full range of motion in her lower extremities, with no significant tenderness, heat, swelling or deformity. Her hip range of motion was slightly reduced, but she was able to get on and off the examination table without difficulty, and her gait was normal. R. 254-55. Tickle was able to heel and toe walk with assistance for balance; her tandem gait was adequate with occasional miscue; and she could bear weight on each leg. Her strength was normal in both extremities, and there was no specific motor or sensory loss to light touch of lower extremities. Dr. Humphries diagnosed mild peripheral neuropathy of the lower extremities. R. 255. Dr. Humphries found that Tickle had no restriction on sitting, standing, walking, lifting, climbing, stooping, heights, hazards or fumes. He found that she cannot crouch or crawl, and should be allowed to take standard breaks during a normal workday. R. 255.

On December 8, 2010, Tickle visited Julie R. Gearheart, FNP, for treatment of a sinus infection. Nurse Gearheart's notes make no mention of Tickle's lower extremities. R. 276-79.

On February 12, 2010, state agency physician Brian Strain, M.D., reviewed Tickle's medical records and found that Tickle's peripheral neuropathy is not severe. R. 52. Dr. Strain found that while Tickle experiences some mild symptoms, she is able to stand and walk and

7

move about normally, and thus her condition does not significantly limit her ability to carry out various work activities. R. 52. On May 7, 2010, state agency physician Robert Keeley, M.D., reviewed the records and agreed with Dr. Strain's findings. R. 59-60.

On May 2, 2011, less than two months after the ALJ's decision denying benefits, Nurse Gearheart completed a Medical Source Statement checklist form, stating that Tickle has numbness/tingling in her feet, swelling, fatigue or dyspnea, burning-like pain in her feet and weakness. R. 284. Nurse Gearheart agreed that if Tickle had a full time job, she would need a sit-stand option due to the pain and discomfort in her lower extremities. R. 284. She found that Tickle cannot continuously stand/walk at all without severe pain, and noted that Tickle is compliant with treatment and is not a malingerer. R. 284. Nurse Gearheart's May 2, 2011 statement was submitted to the Appeals Council and made part of the record. Based upon the record as a whole, the Appeals Council affirmed the ALJ's findings and conclusion that Tickle does not have a severe impairment.

There is ample evidence in the record to support the ALJ's finding that Tickle's peripheral neuropathy is not a severe impairment. Tickle's medical treatment record is minimal, and documents only mild symptoms with no objective findings. Dr. Daugherty consistently noted Tickle's subjective complaints of pain in her feet, but found no objective abnormalities upon examination, aside from some warmth and tenderness over her right heel on one occasion. R. 239, 242, 245. Dr. Daugherty prescribed medications for Tickle, but did not refer Tickle for diagnostic testing or to a specialist for examination. Despite her subjective complaints of pain, Tickle reported both to Dr. Humphries and to the ALJ that she takes no medication for her condition, aside from occasional ibuprofen. R. 41.

8

Tickle's reported daily activities also support the ALJ's finding that she does not suffer from a severe impairment. Tickle continued working through the relevant period as a waitress, up to 30 hours a week, a job that she worked for the past seven years. R. 19, 191. She also reported that she is able to clean, perform laundry, grocery shop, and care for her eight-year old granddaughter on the weekends. R. 37-39.

Tickle argues that Nurse Gearheart's May 2, 2011 opinion is evidence of a change in Tickle's condition, such that remand is appropriate for the ALJ to consider whether Tickle's impairment became severe at a later point in time. "A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative; it is material if there is a reasonable possibility it would have changed the outcome of the Commissioner's decision. Id. at 96. When the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, the court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Id. 95-96. Here, the Appeals Council considered Nurse Gearheart's opinion and made it part of the record, but found that it is entitled to little weight and did not warrant remand to the ALJ. I have considered the record as a whole, including the evidence submitted to the Appeals Council, and agree that the ALJ's decision finding Tickle's peripheral neuropathy is supported by substantial evidence.

As the Appeals Council noted, Nurse Gearheart's treatment records do not support her opinion with regard to Tickle's functional impairments. The only treatment note in the record from Nurse Gearheart relates to Tickle's sinus and respiratory complaints, and makes no mention

9

of Tickle's lower extremity issues. Nurse Gearheart's findings are not supported by the treatment records or opinions of any other physician in this case, including Tickle's treating physician. There is simply no evidence of a material change in Tickle's medical condition after the ALJ's decision such that would support the functional limitations set forth by Nurse Gearheart. Thus, there is no reasonable possibility that Nurse Gearheart's opinion would change the outcome of the Commissioner's decision, and remand is not warranted.[2]

## **CONCLUSION**

It is not the province of the court to make a disability determination. The court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence, and in this case, substantial evidence supports the ALJ's opinion. The ALJ properly considered all of the objective and subjective evidence in adjudicating Tickle's claim for benefits and in determining that her physical impairments would not significantly limit her physical ability to do basic work activities. Accordingly, I recommend that the Commissioner's decision be affirmed, the defendant's motion for summary judgment be **GRANTED**, and Tickle's motion for summary judgment be **DENIED**.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected

---

[2] During oral argument, Tickle abandoned her claim that the Appeals Council erred by not weighing the medical evidence from Dr. Daugherty dated May 1, 2009 through September 11, 2009. I will briefly note that the ALJ reviewed and discussed Dr. Daugherty's records at length, and the Appeals Council specifically adopted the ALJ's statements regarding the evidentiary facts, findings and conclusions with regard to whether Tickle is disabled. R. 4. Pursuant to the Fourth Circuit's ruling in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the Appeals Council was not required to re-analyze the evidence and state findings with regard to the treatment records considered by the ALJ.

10

to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

    Enter: November 20, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge